1
2
3
4
5
6                        DISTRICT COURT OF GUAM
7                        TERRITORY OF GUAM
8
9    EDDIE PABLO PAULINO,                 Criminal Case No. 10-00063
                                          Civil Case No. 15-00023
         Petitioner,
10
11       vs.
                                                    **ORDER**
     UNITED STATES OF AMERICA,            re Motion to Vacate Judgment 60(d)(3) and
12                                           Motion for Judgment on the Pleadings
         Respondent.
13

14       This matter is before the court on two motions which the Petitioner has captioned as a

15   "Motion to Vacate Judgment 60(d)(3)" and a "Motion for Judgment on the Pleadings." *See* ECF

16   Nos. 196 and 198. As more fully discussed below, the court considers these motions to be "second

17   or successive" Section 2255 motions. Because the Ninth Circuit Court of Appeals has not authorized

18   the Petitioner to file a second or successive habeas petition, this court does not have jurisdiction to

19   consider the motions. Accordingly, the court hereby DISMISSES the Petitioner's Motion to Vacate

20   Judgment 60(d)(3) and the Motion for Judgment on the Pleadings.

21                                      **BACKGROUND**

22       1.    Conviction, Sentence and Appeal

23       On October 6, 2010, the Petitioner was charged by Indictment with the following offenses:

24   Conspiracy to Distribute Methamphetamine Hydrochloride (Count I) in violation of 21 U.S.C. §§

25   841(a)(1), 846 and § 960(c); Conspiracy to Commit Money Laundering (Count II) in violation of 18

26   U.S.C. §§ 2 and 371; Attempted Possession of Methamphetamine Hydrochloride with Intent to

27   ///

1    Distribute (Count IV) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and Money

2    Laundering (Counts V-XV) in violation of 18 U.S.C. § 1956 (a)(1)(A)(i).  ECF No. 1.

3         On February 23, 2011, the jury returned a verdict finding Petitioner guilty as to Count IV

4    Attempted Possession of Methamphetamine Hydrochloride with Intent to Distribute      and

5    acquitted him on all of the other charges.[1]  ECF No. 130.  The Petitioner then renewed his motion

6    for acquittal made at the close of the government's evidence, renewed the motion for acquittal he

7    made at the close of all of the trial evidence, and moved this court for judgment of acquittal or, in

8    the alternative, a new trial, pursuant to Rules 29(c) and 33 of the Federal Rules of Criminal

9    Procedure.  *See* ECF No. 137.  Among the arguments raised therein, the Petitioner asserted there was

10   insufficient evidence presented to the jury to prove that he knew there was 109.5 grams of

11   methamphetamine in the package.  The court eventually denied the Petitioner's motion for judgment

12   of acquittal and the motion for new trial in its entirety.  *See* ECF No. 142.

13        On September 20, 2011, the court sentenced the Petitioner to 120 months imprisonment.  *See*

14   Judgment, ECF No. 163.

15        Thereafter, the Petitioner appealed, and on October 29, 2012, the United States Court of

16   Appeals for the Ninth Circuit affirmed the Petitioner's conviction and sentence.  *See* ECF No. 181.

17        2.     Previous Habeas Corpus Petition

18        On March 13, 2013, the Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence

19   pursuant to 28 U.S.C. § 2255 (the "Section 2255 motion").  *See* ECF No. 183.  Therein, the

20

21        [1]  Count IV of the Indictment specifically charged the Petitioner with knowingly attempting

22   to possess with intent to distribute approximately 109.5 grams net weight of methamphetamine
     hydrochloride.  *See* Indictment, ECF No. 1.  The jury did not return a special verdict with regard to

23   drug quantity in Count IV, because the drug quantity was included in the jury instruction concerning
     the essential elements of Count IV such that the first element required the jury to find beyond a

24   reasonable doubt that "the defendant intended to possess 109.5 grams net weight of
     methamphetamine hydrochloride with intent to distribute it to another person."  *See* Closing Jury

25   Instructions No. 22, ECF No. 111.  Additionally, at defense counsel's request, this specific drug

26   quantity was inserted into the verdict form for Count IV.  Trial Tr., vol. III, 538, Feb. 15, 2011, ECF
     No. 175 and Verdict Form at 2, ECF No. 130. Thus, there was no need for the jury to return a special

27   verdict as to the drug quantity involved in Count IV.

1   Petitioner asserted an ineffective assistance of counsel claim, which was not raised on direct appeal.

2   The Petitioner argued that his attorney was ineffective for failing to argue at sentencing and on

3   appeal that his sentence should be based on an unknown amount of drugs because the jury did not

4   make a unanimous determination as to the drug quantity.

5           On September 24, 2014, the court found that the Petitioner failed to demonstrate that

6   counsel's performance was deficient under the first prong of the *Strickland*[2] test and accordingly

7   denied the Section 2255 motion. *See* Order, ECF No. 190.

8           On November 13, 2014, the Petitioner appealed the court's denial of his Section 2255

9   motion. *See* Notice of Appeal, ECF No. 192.

10          On February 15, 2015, the Ninth Circuit Court of Appeals denied the Petitioner's request for

11   a certificate of appealability. *See* ECF No. 193.

12                                                    **DISCUSSION**

13          Unsatisfied by the court's ruling, on April 2, 2015, the Petitioner filed the instant Motion to

14   Vacate Judgment 60(d)(3), arguing that his sentence should be vacated because of "fraud on the

15   court." *See* ECF No. 196. Therein, the Petitioner moved, pursuant to Fed. R. Civ. P. 60(d)(3) "for

16   habeas relief" and asserted the court "wrongfully sentenced him under two issues[:] (1) defective

17   indictment,[3] and (2) constructive amendment of the indictment."[4] *Id.* at 1.

18          Then on July 28, 2015, the Petitioner filed a Motion for Judgment on the Pleadings. *See* ECF

19   No. 198. This motion raised the same arguments the Petitioner made in his Motion to Vacate

20   Judgment 60(d)(3). *Id.*

21

22   _____

23       [2]  *Strickland v. Washington*, 466 U.S. 668 (1984).

24       [3]  The Petitioner alleged that the language of the indictment was defective because he was
     indicted for Attempted Possession with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1)
25   and 18 U.S.C. § 2, yet these statutes do not criminalize the attempt to commit the offense charged.

26       [4]  The Petitioner asserts the jury instructions given by the court with regard to Count IV
     constructively amended the indictment by (1) changing the word "attempt" to "intended" and (2)
27   deleting the word "approximately."

1    Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

2  petitioner is generally limited to one motion under Section 2255 and is precluded from bringing a

3  "second or successive" Section 2255 motion unless it is certified by the appropriate court of appeals

4  to contain either: (1) new evidence such "that no reasonable factfinder would have found [the

5  petitioner] guilty of the offense," or (2) a new rule of constitutional law. *See* 28 U.S.C. § 2255(h).

6  "Because of the difficulty of meeting this standard, petitioners often attempt to characterize their

7  motions in a way that will avoid the strictures" of Section 2255(h). *United States v. Washington*, 653

8  F.3d 1057, 1059 (9th Cir. 2011). This appears to be what the Petitioner is attempting here by

9  bringing his challenge under the guise of a Rule 60(d)(3) motion.

10    Rule 60 permits a district court to set aside a civil judgment, order, or proceedings under

11  certain specified conditions. Here, the Petitioner's motion is made pursuant to Rule 60(d)(3), which

12  authorizes the court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). The

13  Petitioner's argument regarding the indictment, however, are not properly considered pursuant to

14  Rule 60(d)(3) because what matters is the relief sought, not the label given by the Petitioner.

15  Petitioner is still challenging his underlying conviction and sentence, which is subject to second or

16  successive petition restrictions.

17    A habeas petitioner may not rely on Rule 60 to raise a new claim that would otherwise be

18  barred as a second or successive Section 2255 petition. *United States v. Buenrostro*, 638 F.3d 720,

19  722 (9th Cir. 2011). *See also Gonzalez v. Crosby*, 545 U.S. 524, 532 (allowing the presentation of

20  new claims in a Rule 60 motion "would impermissibly circumvent the requirement that a successive

21  habeas petition be precertified by the court of appeals as falling within an exception to the

22  successive-petition bar." While *Gonzales* involved a Rule 60(b) motion, its reasoning is equally

23  applicable to motions under Rule 60(d).

24    A Rule 60 motion constitutes a second or successive habeas petition where it seeks to present

25  new evidence in support of a claim already litigated, seeks to add a new ground for relief, attacks the

26  court's "previous resolution of a claim on the merits," or "otherwise challenges the federal court's

27  "determination that there exist or do not exist grounds entitling a petitioner to habeas corpus

1  relief[.]" *Washington,* 653 F.3d at 1063.  The court may, however, adjudicate a Rule 60 motion on

2  the merits where it attacks a defect in the integrity of the prior habeas proceeding.  *Gonzales*, 545

3  U.S. at 531-32.  *See also Buenrostro*, 638 F.3d at 722 ("To show a defect in the integrity of his first

4  § 2255 proceeding, Buenrostro must point to something that happened during that proceeding that

5  rendered its outcome suspect.").

6      In this case, the Petitioner does not identify any defect in the integrity of his first habeas

7  proceeding.  Instead, he attacks his original conviction and sentence through the presentation of new

8  grounds for relief challenging Count IV of the underlying indictment.  As such, his motion is

9  properly construed as seeking relief pursuant to Section 2255 rather than Rule 60(d).[5]  The Petitioner

10 is not allowed to circumvent AEDPA's second or successive petition requirements simply by

11 labeling the petition or motion as something other than what it is.  The court can not address the

12 merits of the Petitioner's motions because he has not received authority from the Ninth Circuit to

13 file this successive Section 2255 motion.  *See* 28 U.S.C. § 2255(h).    Nothing in the record

14 establishes that the Petitioner subsequently received such authorization prior to filing the instant

15 motions.

16                **CONCLUSION**

17      Without the necessary certification from the Court of Appeals for the Ninth Circuit, this court

18 is without jurisdiction to consider the Petitioner's motions which are disguised successive

19 Section 2255 motions.  Accordingly, the court has no option but to dismiss the Petitioner's motions.

20

21      [5] A number of courts have held that a Rule 60(d) motion that does not challenge the integrity
of the habeas proceeding itself also constitutes a second or successive claim for relief under Section
22 2255.  *See Heffington v. United States*, Nos. CV-F096-5295, CR-F-93-5021 OWW, 2009 WL
2043012, at *4 (E.D. Cal July 13, 2009) (rejecting petitioner's Rule 60(d)(1) motion as second or
23 successive claim for relief under Section 2255); *Todd v. United States*, No. C11-0470JLR, 2012 WL
5351845 (W.D. Wash. Oct. 29, 2012) (construing petitioner's Rule 60(d)(3) motion as a second or
24 successive habeas petition); *United States v. Montalvo*, No. CR 89-00062 WBS GGH, 2013 WL
5705711, at *2 (E.D. Cal. Oct. 16, 2013) (denied petitioner's attempt to apply Rule 60(d)'s savings
25 clause, which exempted claims such as "fraud on the court" from the one year time bar, stating "[i]f
the alleged fraud on the habeas court includes or implies fraud in the underlying proceeding, then
26 the motion will ordinarily be considered a second or successive petition.") (internal quotation and
citation omitted).
27

1  Pursuant to Circuit Rule 22-3, the court directs the Clerk of Court to transfer the motions (ECF

2  Nos. 196 and 198) to the Ninth Circuit Court of Appeals.

3         In light of the court's ruling, the court additionally denies as moot the Motion to Appoint

4  Counsel, ECF No. 201.[6]  Finally, the Petitioner also filed a Notice fo An Order or Judgment, which

5  requested the court provide him with "a copy of any order, motion or judgment immediately after

6  it is filed on the . . . docket sheet."  *See* ECF No. 202.  The court hereby grants said request.

7         SO ORDERED.

8

9                                            **/s/ Frances M. Tydingco-Gatewood**
                                                                      **Chief Judge**
10                                                                    **Dated: Oct 20, 2015**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

27         [6]  The Magistrate Judge's Order filed on October 16, 2015, *see* ECF No. 203, is hereby
   vacated.